# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOCELYN MAHONE, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Jocelyn Mahone ("Plaintiff" or "Ms. Mahone"), by and through her undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant, Metropolitan Atlanta Rapid Transit Authority ("Defendant" or "MARTA"), showing the following:

## I. NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of her rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA").

## II. PARTIES

2. Plaintiff is a resident of the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

3. Defendant is a transit agency headquartered in Atlanta, Georgia, with a principal place of business located at 2424 Piedmont Road NE, Atlanta, Georgia 30324.

4. Defendant may be served with process by delivering a copy of the Complaint and Summons to its Registered Agent, ℅ Peter J. Andrews, at 2424 Piedmont Road NE, Atlanta, Georgia 30324.

5. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of Title VII.

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count III of this Complaint, which arises out of the ADEA.

8. The majority of the events plead herein occurred in Atlanta, Georgia, where Plaintiff worked for Defendant.

9. This Court has jurisdiction over the parties of this action because a

substantial portion of the employment practices described herein took place within the Atlanta Division of the Northern District of Georgia.

10. Plaintiff exhausted all administrative remedies in this matter. Dismissal and Notice of Rights, Ex. 1.

11. This action has been timely commenced.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

13. Defendant is now, and at all times relevant hereto has been, an employer subject to Title VII and the ADEA.

14. MARTA is a public transport operator in the Atlanta metropolitan area.

15. Ms. Mahone was employed with MARTA from April 1, 1996, until her retirement in February 2024.

16. Plaintiff is African American.

17. Plaintiff is female.

18. During the time period giving rise to her claims, Plaintiff was 55 years of age.

19. During all times relevant to her claims, Defendant was aware of Ms. Mahone's race.

20. During all times relevant to her claims, Defendant was aware of Ms.

Mahone's gender.

21. During all times relevant to her claims, Defendant was aware of Ms. Mahone's age.

22. MARTA hired Ms. Mahone in April 1996, and she initially served as a Bus Operator.

23. In 1998, Ms. Mahone was promoted to the position of Building and Support Mechanic, in which she remained until her retirement.

24. Ms. Mahone was the first Black, female Mechanic employed in the Building and Support department.

25. During all times relevant to her claims, Ms. Mahone worked under the supervision of Mr. Billy Russell, General Foreman Building and Support.

26. Ms. Mahone also reported indirectly to Mr. Sean Thomas, Director of Facilities.

27. During her employment with MARTA, Ms. Mahone served as an interim Building and Support Foreman on at least five (5) occasions.

28. Only one female has held the position of a Foreman for Defendant, around 15 years ago.

29. No African American woman has ever held the position as a permanent Foreman within MARTA.

5.

30. On or around October 25, 2019, Ms. Mahone applied for an available Building and Support Foreman position (hereinafter the "relevant position").

31. Following initial interviews, MARTA interviewed Ms. Mahone a second time for the relevant position, as well as two (2) male employees, Mr. Michael Murray and Mr. Jimmy Walker.

32. Mr. Russell advised that Ms. Mahone would be the best candidate for the permanent Foreman position.

33. On or about December 17, 2019, Ms. Mahone was advised by MARTA's Recruiting Department that she was not selected for the relevant position.

34. Mr. Murray was instead selected by Defendant to fill the relevant position.

35. Mr. Murray is under the age of 40, and thus not protected under the ADEA.

36. Mr. Murray is male.

37. Mr. Murray is Caucasian.

38. At the time of his selection, Mr. Murray had only been with MARTA for approximately eleven (11) years.

39. Mr. Murray does not possess a college-educated background, as opposed to Ms. Mahone.

40. As opposed to Ms. Mahone, Mr. Murray had not previously worked as temporary Foreman.

41. Ms. Mahone had greater seniority, higher education, and more experience than Mr. Murray.

42. In fact, Ms. Mahone served as Mr. Murray's supervisor prior to his selection to the relevant position.

43. Further, prior to his selection as Foreman, Mr. Murrary was not initially permitted by Mr. Russell and Mr. Thomas to serve as temporary Foreman due to performance issues.

44. Following Ms. Mahone's non-selection, she was advised by Mr. Russell that Mr. Thomas had chosen Mr. Murray for the position as Ms. Mahone allegedly had a complaint brought against her.

45. Ms. Mahone, however, had no complaints brought against her.

46. Further, Ms. Mahone had no poor performance reviews, performance issues, or disciplinary actions.

47. Plaintiff filed a claim against MARTA with the Equal Employment Opportunity Commission ("EEOC") in May 2020, Charge Number 11B-2020-00046, alleging employment violations.

48. Plaintiff received her Dismissal and Notice Rights from the EEOC dated March 8, 2024.

## V. CLAIMS FOR RELIEF

## COUNT I: TITLE VII RACE DISCRIMINATION

49. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

50. Plaintiff is a member of a protected class by virtue of her race, of which Defendant was aware.

51. Plaintiff suffered the adverse action of non-selection.

52. Defendant selected an applicant outside of Plaintiff's protected class for the relevant position.

53. The selected applicant was significantly less qualified for the relevant position.

54. No reasonable person could have chosen the candidate selected over Ms. Mahone.

55. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

56. Defendant's business reason for Plaintiff's non-selection is pretextual.

57. Plaintiff suffered damages as a result of Defendant's discrimination, for which she is entitled to recovery pursuant to Title VII.

## COUNT II: TITLE VII GENDER DISCRIMINATION

58. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

59. Plaintiff is a member of a protected class by virtue of her gender, of which Defendant was aware.

60. Plaintiff suffered the adverse action of non-selection.

61. Defendant selected an applicant outside of Plaintiff's protected class for the relevant position.

62. The selected applicant was significantly less qualified for the relevant position.

63. No reasonable person could have chosen the candidate selected over Ms. Mahone.

64. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

65. Defendant's business reason for Plaintiff's non-selection is pretextual.

66. Plaintiff suffered damages as a result of Defendant's discrimination, for which she is entitled to recovery pursuant to Title VII.

## COUNT III: ADEA DISCRIMINATION

67. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

68. Plaintiff is a member of a protected class by virtue of her age.

69. During all time periods relevant to this Complaint, Defendant was aware of Plaintiff's age.

70. Plaintiff was qualified for the position at issue.

71. Plaintiff suffered the adverse action of non-selection.

72. Defendant selected an applicant outside of Plaintiff's protected class for the relevant position.

73. The selected applicant was significantly less qualified for the relevant position.

74. No reasonable person could have chosen the candidate selected over Ms. Mahone.

75. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

76. Defendant's business reason for Plaintiff's non-selection is pretextual.

77. Plaintiff suffered damages as a result of Defendant's discrimination, for which she is entitled to recovery pursuant to the ADEA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

 a. Trial by jury;

 b. That judgment be entered against Defendant on all claims;

 c. Actual, compensatory, and liquidated damages in an amount to be determined by the enlightened conscience of a jury;

 d. Punitive damages;

 e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper;

 f. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

 g. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

 h. Any other relief this Court deems proper and just.

Respectfully submitted this 5th day of June 2024.

                                              THE KIRBY G. SMITH LAW FIRM, LLC

                                              <u>s/Amanda M. Brookhuis</u>
                                              Amanda Brookhuis
                                              Georgia Bar No. 601396
                                              Kirby G. Smith
                                              Georgia Bar No. 250119
                                              Attorney for Plaintiff

4488 North Shallowford Road, Suite 105
Atlanta, Georgia 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

11.

12.

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 5th day of June 2024.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Amanda M. Brookhuis
        Amanda Brookhuis
        Georgia Bar No. 601396
        Attorney for Plaintiff